## CIRCUIT COURT OF PITTSYLVANIA COUNTY

Richard J. Swain

v.

Burlington Industries, Inc.

December 11, 1990

By Judge Samuel M. Hairston

There is before the Court for decision a special issue raised by the defendant, Burlington Industries, Inc., in its Grounds of Defense, namely, that the plaintiff's claim is barred because his exclusive remedy is under the Workers' Compensation Act in that the plaintiff at the time of his injury was a statutory employee of Burlington Industries, Inc.

The Court heard evidence on this issue, and the attorneys have furnished memoranda of law.

The Court is of the opinion that the issue can be decided looking primarily to the cases of *Bassett Furniture Industries, Inc. v. McReynolds*, 216 Va. 897 (1976), *Shell Oil Company v. Leftwich*, 212 Va. 715 (1972), and *Carmody v. F. W. Woolworth Company*, 234 Va. 198 (1987).

As was said in *Carmody, supra,* quoting with approval from Professor Arthur Larson in his work, *The Law of Workmen's Compensation*, Vol. 1A:

> [T]he test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction or transportation service. The test (except in cases where the work is obviously a subcontracted fraction of a main contract) is whether this indispensable activity is, in that business, normally carried on through employees, rather than independent contractors.

The Court is of the opinion that the issue presented in this case is a mixed question of law and fact and as said in *Carmody, supra*, p. 204, "such a question is not subject to categorical or absolute standards." This being the case, I see no useful purpose in reciting the facts, and I am of the opinion that upon applying the law to the facts in this case, the work performed by the plaintiff was a part of Burlington's trade, business, or occupation normally carried on by Burlington through its employees and that the plaintiff was Burlington's statutory employee at the time he sustained his injury, and therefore, the plaintiff's action in tort is barred.

If this were a case where Swain was seeking Workers' Compensation benefits under the Act from Burlington, would it not be held that he was a statutory employee of Burlington? I think so, see *V.P.I. v. Frye*, 6 Va. App. 589 (1988).